UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIMS ANDRUHOVICS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 22-cv-01178-HSG<br><br>**ORDER GRANTING AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 9, 31, 33, 40, 43 |

Before the court are several administrative motions to file documents under seal. Dkt. Nos. 9, 31, 33, 40, 43. The Court **DENIES** the motion at Dkt. No. 33 and **GRANTS** the remaining motions.

I.  **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6        The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal must explain "(i) the legitimate private or public interests
12 that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less
13 restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be
14 "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

15       Records attached to nondispositive motions must meet the lower "good cause" standard of
16 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
17 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
18 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
19 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
20 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
21 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
22 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

23 **II. DISCUSSION**
24       The parties seek to seal documents related to (1) Defendant's motion to dismiss, Dkt. No.
25 9; (2) briefing on Plaintiff's motion for relief from a California government claim requirement,
26 Dkt. Nos. 31, 40, 43, and (3) Plaintiff's motion for leave to file a first amended complaint, Dkt.
27 No. 33.
28

Case 4:22-cv-01178-HSG   Document 50   Filed 03/13/23   Page 3 of 4

To start, Docket Number 33 is Plaintiff's motion to consider whether another party's material should be sealed. Plaintiff seeks to seal an email from Defendant's counsel because the email includes a confidentiality statement. Defendant did not file a declaration establishing that the document is sealable within seven days of Plaintiff's motion as required under Civil Local Rule 79-5(f)(3). Because the motion to seal does not comply with Civil Local Rule 79-5 in light of the designating party's failure to respond, the Court finds no basis to seal the requested document.[1]

The rest of the motions to seal regard documents that contain medical records, detailed descriptions of medical conditions, and other highly personal information. First, the Court did not rely on any of the documents that are the subject of the administrative motions to seal.[2] Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). Second, the Court also agrees that health records properly meet the compelling reasons standard. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court records). Although not every single portion of the documents are strictly medical, the non-medical portions include personal information and are interwoven such that all of the requested material warrants sealing.

---

[1] The Court notes that some of Defendant's motions are also motions to consider whether another party's material should be sealed that would require a response from Plaintiff under Civil Local Rule 79-5(f)(3). However, because of Plaintiff's pro se status, the fact that he has expressed clear intent to seal his medical records in his own filings, and the highly sensitive nature of the remaining material, the Court will not deny the other motions on this basis.

[2] The Court granted Plaintiff's motion for leave based purely on Defendant's non-opposition, and Plaintiff filed an amended complaint that would have rendered the motion to dismiss moot. *See* Dkt. Nos. 45, 46, 48. Plaintiff then voluntarily dismissed this case before the Court ruled on the motion for relief. *See* Dkt. Nos. 48, 49.

3

Accordingly, because the documents divulge confidential and sensitive medical information unrelated to the public's understanding of the judicial proceedings in this case, the Court finds that the parties have established either compelling reasons or good cause to file the documents under seal.  *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit).

## III. CONCLUSION

The Court **DENIES** Dkt. No. 33.  The Court **GRANTS** Dkt. Nos. 9, 31, 40, 43.  Documents filed under seal as to which the administrative motions are granted will remain under seal.  *See* Civ. L.R. 79-5(g)(1).  The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:  3/13/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge